# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHRISTINA VARGAS,  )
                                             )
               Plaintiff,          )     Case No.: 2:19-cv-01230-GMN-DJA
   vs.                                  )
                                             )     **ORDER**
SAFECO INSURANCE COMPANY OF     )
ILLINOIS; SCOT CLEMENTS d/b/a SCOT )
CLEMENTS INSURANCE,               )
                                           )
               Defendants.         )

Pending before the Court is Plaintiff Christina Vargas's ("Plaintiff's") Motion to Remand, (ECF No. 5). Defendant Safeco Insurance Company of Illinois ("Safeco") filed a Response, (ECF No. 10), which Defendant Scot Clements ("Clements") joined, (ECF No. 11). Plaintiff filed a Reply, (ECF No. 15).

Also pending before the Court is Safeco's Motion to Dismiss, (ECF No. 4), which Clements joined, (ECF No. 7). Plaintiff filed a Response, (ECF No. 9), and Defendants each filed Replies, (ECF Nos. 13–14). For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**, and Defendants' Motion to Dismiss is **DENIED as moot**.

# I.    BACKGROUND

This case arises from Plaintiff's insurance coverage claim concerning injuries she sustained in an automobile accident. (*See* Compl. ¶¶ 12–13, Ex. 1 to Pet. Removal, ECF No. 1). At the time of the accident, Plaintiff allegedly possessed underinsured motorist and medical payment coverage benefits under insurance policies issued by Safeco. (*Id.* ¶¶ 10, 14). Plaintiff procured her insurance coverage through an agent/broker, Clements. (*Id.* ¶ 30). Despite making an insurance claim and repeated attempts to contact Safeco regarding the claim, Safeco allegedly failed to respond to Plaintiff's inquiries. (*Id.* ¶¶ 20–29). Plaintiff now seeks recovery

against both Safeco and Clements for breach of contract and negligence. (*Id.* ¶¶ 34–35, 57–64).[1]

Plaintiff originally filed her Complaint in Clark County District Court, and Defendants removed the action to this Court. (*See* Pet. Removal, ECF No. 1). On July 22, 2019, Safeco moved to dismiss the Complaint for improper venue and failure to state a claim upon which relief can be granted. (*See* Mot. Dismiss, ECF No. 4). The following day, Plaintiff filed the Motion to Remand, arguing that the Court lacks subject matter jurisdiction because she and Clements are both Nevada citizens. (*See* Mot. Remand "MTR," ECF No. 5); (*see also* Compl. ¶¶ 1, 4). Defendants oppose the Motion to Remand, arguing that Clements was fraudulently joined. (Resp. to MTR ("Resp.") 3:3–12, ECF No. 10).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time

---

[1] Breach of contract and negligence are the only causes of action naming both Defendants. Plaintiff also seeks to recover from Safeco for unfair claim practices under Nev. Rev. Stat. 686A.310 *et seq.* and breach of the implied covenant of good faith and fair dealing, but neither claim is relevant to this Order. (*See* Compl. ¶¶ 36–54).

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.*

## III. DISCUSSION

The parties do not dispute that the amount in controversy exceeds $75,000.00 or that Plaintiff and Clements are Nevada citizens. Accordingly, the dispositive jurisdictional issue is whether Clements has been fraudulently joined.

"Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067. "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the non-diverse defendants.'" *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis original) (quoting *Hunter v. Phillip Morris, USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

To prevail against Plaintiff's Motion to Remand, Defendants must demonstrate that a Nevada state court would not possibly conclude the Complaint states a viable cause of action

against Clements. *See id.* Here, the only claims alleged against Clements are breach of contract and negligence.

The Court begins its analysis with Plaintiff's negligence claim. Under a negligent procurement of insurance theory, Clements's agency relationship to both Safeco and Plaintiff dictates his potential liability. If Clements acted as Safeco's captive insurance agent who could only offer Safeco policies and did not undertake duties to Plaintiff, then only Safeco is liable for Clements's conduct. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826, n.1 (9th Cir. 2003) (applying California law) (explaining that "[i]t is well established that, unless an agent or employee acts as a dual agent . . . she cannot be held individually liable . . . . An employee acts as a 'dual agent' by assuming special duties for the benefit of the insured beyond those required by her principal."). However, if Clements simultaneously acted as Plaintiff's agent by "undertak[ing] to procure insurance" on her behalf, then he has not been fraudulently joined because he could be independently liable for "failing to use reasonable diligence in attempting to place the insurance . . . ." *See Havas v. Carter*, 515 P.2d 397, 398–99 (Nev. 1973); *see also* 1 Harnett, Responsibilities of Insurance Agents and Brokers § 3.01 (Matthew Bender, Rev. Ed.) (explaining that when an agent or broker places their client with "wrong or unexpected coverage," then "the agent or broker may conceivably be held personally and independently liable to the purported insureds under appropriate theories of liability.").

Although the Complaint alleges that Clements acted negligently as an agent for Safeco, (*see* Compl. ¶¶ 32, 57), it also alleges that Plaintiff hired Clements to act as her agent/broker. (*See id.* ¶¶ 30, 59–60); (*see also* MTR 5:23–6:3). The Complaint describes that Clements undertook duties to Plaintiff, separate and apart from the duties he owed as Safeco's agent, "to provide advice, analysis, evaluation of risk and recommendations pertaining to Plaintiff's insurance needs and/or desires . . . . [and] to prepare all appropriate documentation, to obtain the requested insurance and to otherwise carry out all activities and obligations of insurance

Page 4 of 7

brokers and/or agent." (Compl. ¶ 59, Ex. 1 to Notice of Removal, ECF No. 1); (*see also id.* ¶¶ 34, 55) (delineating duties Clements breached apart from those owed by Safeco). Plaintiff alleges that Clements breached his duty of care by, among other things, "failing to properly advise Plaintiff on insurance issues, misrepresenting insurance coverage, failing to process the Plaintiff's request for insurance coverage, [and] failing to obtain promised insurance coverage . . . ." (*Id.* ¶ 61). Given that Clements could have acted as a "dual agent" serving both the insurer and insured as principals, Plaintiff's allegation that Clements acted negligently in the line and scope of his employment with Safeco does not preclude the possibility that he simultaneously acted negligently as Plaintiff's agent. *See Mercado*, 340 F.3d at 826 n.1; *Havas*, 515 P.2d at 399. Therefore, because the Complaint alleges that Clements, as Plaintiff's agent, negligently procured Plaintiff's insurance coverage, Plaintiff has possibly alleged a claim against Clements.

As the removing parties, it is Defendants' burden to demonstrate that the Court unambiguously has jurisdiction over the case. *See Hunter*, 582 F.3d at 1042. Defendants argue that they cannot be liable for failure to procure uninsured or underinsured vehicle coverage because Plaintiff expressly disclaimed the coverage in her insurance application. (Resp. 3:14–5:9) (*see also* Exs. 1–2 to Resp.). In order for the Court to deny remand based on evidence submitted by the removing party, the evidence must be "extraordinarily strong," indicating that "plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *GranCare, LLC*, 889 F.3d at 548 (9th Cir. 2018). Defendants' evidence does not preclude the possibility of recovery because Plaintiff alleges that she requested the additional coverage *after* she completed the application. (Pl.'s Reply Mot. Remand 3:3–10). Therefore, her insurance application does not foreclose the possibility that Clements later agreed to procure additional coverage.

Defendants also argue that Nevada law does not recognize negligence actions against insurance brokers. (*See* Resp. 12:27–13:14). However, under Nevada law, "the general rule [is]

that an agent or broker who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance and to seasonable notify the client if he, the agent or broker, is unable to obtain the insurance . . . ." *Havas*, 515 P.2d at 399.

Finally, Defendants contend that even if Nevada law recognizes Plaintiff's theory of recovery, the economic loss doctrine bars relief. (*See* Resp. 13:15–25). Given that Nevada courts have recognized the ability to recover for negligent procurement of insurance, and damages in such claims tend to be purely economic, it is unclear whether the economic loss doctrine applies. *Cf. Lucini-Parish Ins., Inc. v. Buck*, 836 P.2d 627, 629 (Nev. 1992) (affirming recovery of economic damages for negligent failure to procure requested insurance). Even if Defendants were correct that the economic loss doctrine unequivocally bars Plaintiff's recovery against Clements for ordinary negligence, the Nevada Supreme Court has created an exception for negligent misrepresentation claims. *See Terracon Consultants W., Inc. v. Mandalay Resort Group*, 206 P.3d 81, 88 (Nev. 2009). Plaintiff alleges that Clements breached his duty of care to Plaintiff by, among other things, misrepresenting the nature of her coverage and conversations about her coverage that he had with Safeco. (*See* Compl. ¶¶ 61–62); (*see also* Reply MTR 9:19–26). Accordingly, the economic loss doctrine may not apply to Plaintiff's claim.

Resolving all ambiguity in favor of remand, Nevada law suggests Plaintiff could possibly recover against Clements. Therefore, Defendants have not met their substantial burden to establish the Court's jurisdiction, and the Court must remand the case to Clark County District Court.[2]

//

---

[2] Because the Court finds that the Complaint may state a claim for negligence against Clements, the Court need not reach Plaintiff's breach of contract claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 4), is **DENIED as moot**.

**DATED** this __25__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court